**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| SEAN WILLIAM LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:25-cv-03127-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| SAFERENT SOLUTIONS, LLC, | ) | |
| PROGRESS RESIDENTIAL PROPERTY | ) | |
| MANAGEMENT, LLC, and PROGRESS | ) | |
| RESIDENTIAL PROPERTY MANAGER | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
TO DENY MOTIONS FOR PARTIAL SUMMARY JUDGMENT
AND MOTIONS TO DISMISS**

Pro se Plaintiff Sean William Lee sued Defendants SafeRent Solutions, LLC ("SafeRent"), Progress Residential Property Management, LLC, and Progress Residential Property Manager LLC ("Progress") in December 2025. (ECF No. 1.) Under Administrative Order No. 2013-05, this Court referred the case to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters. Plaintiff amended his Complaint and moved for partial summary judgment. (ECF Nos. 8, 11.) SafeRent and Progress both moved to dismiss the Amended Complaint. (ECF Nos. 12, 15.) Plaintiff responded. (ECF No. 17, 19.) And Defendants replied. (ECF No. 21–22.) Plaintiff then moved for leave to amend his Complaint a second time. (ECF No. 23.) He also moved for partial summary judgment a second time. (ECF No. 31.) Judge Pham granted Plaintiff's Motion to Amend Complaint for the second time. (ECF No. 41.)

1

Judge Pham issued two reports and recommendations ("R&R") that recommended denying the Motions for Partial Summary Judgment and the Motions to Dismiss. (ECF Nos. 32, 42.) No Party substantively objected to the R&Rs.[1] For the reasons below, the Court **ADOPTS** the R&Rs and **DENIES** the Motions for Partial Summary Judgment and Motions to Dismiss.

## BACKGROUND AND THE R&R

Plaintiff brings claims under the Fair Credit Reporting Act and Tennessee Consumer Protection Act. (ECF No 23-2.) He asserts that Defendants violated both statutes when SafeRent generated a "tenant screening report" for Progress that mischaracterized Plaintiff's criminal record and resulted in Progress denying Plaintiff's application to rent a house. (*Id.* at PageID 349.) Plaintiff also alleges that SafeRent failed to adequately reinvestigate the alleged errors in its report and that Progress solicited a $500 non-refundable application fee from Plaintiff after it had already decided to deny his application and rented the house out to another tenant. (*Id.* at PageID 351–52.)

As noted above, Judge Pham issued two R&Rs here, one addressing Plaintiff's Motions for Partial Summary Judgment and one addressing Defendants' Motions to Dismiss the First Amended Complaint. (ECF Nos. 32, 42.) He recommends denying all these motions because

---

[1] Plaintiff filed a document styled as a "Limited Objection." (ECF No. 34.) In his filing, he insists that SafeRent has admitted that it engages in relevant conduct. He appears to believe that this case solely turns on a legal issue and that there are no factual disputes between the Parties. (*See id.* at PageID 464–65.) Defendants deny that they have made any admissions or conceded "the accuracy, legality, or propriety of Plaintiff's characterization of its procedures. . . ." (ECF No. 35 at PageID 468.) Plaintiff need not have "objected" solely "to preserve the proper framing of the issue for further proceedings." (ECF No 34 at PageID 465.) Plaintiff does not address the merits of the R&R. And the existence of any factual or legal disputes or any alleged admissions or concessions between or by the Parties is properly considered by the Court at a later stage in the litigation, as the first R&R correctly explains. (*See* ECF No. 32.)

2

Plaintiff moved for summary judgment prematurely and because the Second Amended Complaint moots the Motions to Dismiss.

### LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Judge Pham entered his R&Rs on April 21, 2026, and May 26, 2026, respectively.  To date, no Party has objected to the merits of the R&Rs.  And the time to do so has now passed.  The Court therefore reviews the R&Rs for clear error.

### DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Pham's R&Rs.  In fact, the Court agrees with his well-reasoned analysis.

Judge Pham correctly concluded that the Partial Motions for Summary Judgment are premature because "[t]he Sixth Circuit has held that a motion for summary judgment is premature when no discovery has yet occurred."  *Ecimos, LLC v. Carrier Corp.*, No. 2:15-cv-2726-JPM-cgc, 2017 WL 9476877, at *2 (W.D. Tenn. July 26, 2017) (citing *Harris v. Jiangsu ASG Earth Env't Prot. Sci. & Tech. Co.*, No. 13-44-GFVT, 2014 WL 4661953, at *2 (E.D. Ky. Sept. 18, 2014); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994)); *see also Robinson v. TransUnion*, No. 2:24-cv-2906-TLP-atc, 2025 WL 2057843, at *2

(W.D. Tenn. June 2, 2025).  And Plaintiff concedes as much.  (ECF No 34 at PageID 464–65 ("Plaintiff does not dispute the Magistrate Judge's conclusion that the motions were filed prior to the commencement of discovery. . . . Plaintiff does not seek reconsideration of the Magistrate Judge's procedural determination and agrees that the claims should proceed to discovery.").)

The Court likewise finds no error in Judge Pham's analysis of the Motions to Dismiss. (ECF No. 42.)  Both are moot because they seek to dismiss the first Amended Complaint.  (See ECF Nos. 12, 15;) *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss.").  Given that Judge Pham granted Plaintiff's Motion to Amend Complaint, the first Amended Complaint is no longer operative.  In fact, Defendants have now moved to dismiss the Second Amended Complaint. (*See* ECF Nos. 45, 49.)  Those motions remain pending.

The Court therefore **ADOPTS** the R&Rs' recommendations.

## CONCLUSION

The Court has reviewed Judge Pham's R&Rs and finds no clear error.  Accordingly, the Court **DENIES** the Motions for Partial Summary Judgment and Motions to Dismiss **WITHOUT PREJUDICE**.  (ECF Nos. 11–12, 15, 31.)

**SO ORDERED**, this 2nd day of July, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE